GIBSON, DUNN & CRUTCHER LLP
MAURICE SUH, SBN 147485
  msuh@gibsondunn.com
JEREMY S. SMITH, SBN 283812
  jssmith@gibsondunn.com
ANDREW M. KASABIAN, SBN 313210
  akasabian@gibsondunn.com
PATRICK J. FUSTER, SBN 326789
  pfuster@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:  213.229.7000
Facsimile:   213.229.7520

BELL, MCANDREWS & HILTACHK LLP
THOMAS W. HILTACHK, SBN 131215
  tomh@bmhlaw.com
BRIAN T. HILDRETH, SBN 214131
  bhildreth@bmhlaw.com
PAUL T. GOUGH, SBN 75502
  pgough@bmhlaw.com
455 Capitol Mall, Suite 600
Sacramento, CA 95814
Telephone:  916.442.7757
Facsimile:   916.442.7759

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARLOW RESPIRATORY HOSPITAL; PIH HEALTH GOOD SAMARITAN HOSPITAL; PROVIDENCE HOLY CROSS MEDICAL CENTER; HOSPITAL ASSOCIATION OF SOUTHERN CALIFORNIA, an Incorporated California Nonprofit Membership Association; and CALIFORNIA HOSPITAL ASSOCIATION, an Incorporated California Nonprofit Membership Association,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LOS ANGELES; OFFICE OF WAGE STANDARDS FOR THE CITY OF LOS ANGELES; ERIC GARCETTI, in his official capacity as Mayor of Los Angeles; and DOES 1-20,<br><br>Defendants. | CASE NO.  2:22-CV-04828-JLS-GJS<br><br>**JOINT STIPULATION TO CONTINUE HEARING ON MOTION FOR PRELIMINARY INJUNCTION**<br><br>Hon. Josephine L. Staton |

This Joint Stipulation is entered into by and between Plaintiffs Barlow Respiratory Hospital, PIH Health Good Samaritan Hospital, Providence Holy Cross Medical Center, Hospital Association of Southern California, and California Hospital Association ("Plaintiffs") and Defendants City of Los Angeles[1] and Eric Garcetti ("Defendants," and with Plaintiffs, the "Parties").

WHEREAS, Los Angeles Ordinance No. 187566, which raises the minimum wage of certain healthcare workers at certain facilities in the City of Los Angeles to $25 per hour, is scheduled to go into effect on August 13, 2022;

WHEREAS, on July 14, 2022, Plaintiffs filed a complaint for declaratory and injunctive relief challenging the constitutionality of the Ordinance (ECF No. 1);

WHEREAS, on July 15, 2022, Plaintiffs filed a motion for a preliminary injunction to prevent enforcement of the Ordinance (ECF No. 17);

WHEREAS, on July 19, 2022, this Court granted a joint stipulation to expedite the hearing on the motion for preliminary injunction to August 5, 2022, to facilitate a decision before the Ordinance goes into effect (ECF No. 25);

WHEREAS, on August 1, Plaintiffs' counsel learned that the proponents of a referendary petition regarding the Ordinance have suspended collection of signatures and intend to submit the petition to the City Clerk on August 8, 2022;

WHEREAS, the Ordinance will be stayed pending examination of the petition while the Clerk City determines if the petition contains the necessary number of signatures under Los Angeles Election Code § 716;

WHEREAS, within 15 days of issuing a Final Acceptance of Filing, the City Clerk may (and typically elects to) take a random sample of at least 5% of signatures to verify their validity under Los Angeles Election Code § 717(b) rather than examining all signatures;

---

[1] The City of Los Angeles contends that the Office of Wage Standards for the City of Los Angeles is not a separate legal entity.

WHEREAS, if the sample shows that the number of valid signatures is more than 110 percent of the number of required signatures of qualified voters, the City Clerk shall certify the petition as sufficient under Los Angeles Election Code § 717(b);

WHEREAS, if the City Clerk certifies that the petition is sufficient, the Ordinance will not take effect under Los Angeles Charter § 461(c) until adoption by the voters at the next available election and declaration by the Council of the result of the election;

WHEREAS, if the sample shows that the number of valid signatures is less than 90 percent of the number of required signatures of qualified voters, the City Clerk shall certify the petition as insufficient under Los Angeles Election Code § 717(b);

WHEREAS, if the City Clerk certifies that the petition is insufficient, the Ordinance shall take immediate effect upon the date of the certificate under Los Angeles Charter § 461(c) because more than 30 days will have passed from publication of the Ordinance;

WHEREAS, if the sample shows that the number of valid signatures is between 90 percent and 110 percent of the number of required signatures of qualified voters, the City Clerk shall commence an examination of all the signatures on the petition under Los Angeles Election Code § 717(a) and shall certify the petition as sufficient or insufficient under Los Angeles Charter § 461(c) based on this count of the whole petition;

WHEREAS, the Parties met and conferred regarding the effect of the referendary petition on the Ordinance and Plaintiffs' motion for preliminary injunction;

WHEREAS, in this meet and confer, the Parties agreed that there is no longer a need for a decision from this Court prior to August 13 because the Ordinance is highly unlikely to go into effect that day;

WHEREAS, in this meet and confer, the Parties also agreed to a proposed schedule that continues the hearing until August 26, 2022, or the next available date convenient for the Court, at which point the City Clerk is likely to have made a determination under Los Angeles Election Code § 717(b) whether the sample's results

require the law to go into immediate effect, to remain stayed pending a complete count under Los Angeles Election Code § 717(a), or to be stayed until the next available election for the referendum;

WHEREAS, the Parties also agreed to coordinate on information regarding the City Clerk's review of the petition and to provide the Court status updates on the City Clerk's process and the need for a hearing on the motion for preliminary injunction on August 26, 2022, on another date, or not at all.

NOW THEREFORE, THE PARTIES HEREBY STIPULATE AND AGREE, SUBJECT TO THE APPROVAL OF THE COURT, THAT

1. The Court hear the matter on Friday, August 26, 2022, at 10:30 AM.

2. The parties promptly update the Court on developments that affect the need to hear the matter on August 26, 2022, or that may justify a continuance of the hearing, should the Ordinance go into effect.

A [Proposed] Order is filed concurrently herewith.

Dated: August 2, 2022

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Maurice Suh*
Maurice Suh

Attorneys for Plaintiff California Hospital Association

BELL, MCANDREWS & HILTACHK, LLP

By: */s/ Thomas W. Hiltachk*
Thomas W. Hiltachk

Attorneys for Plaintiffs Barlow Respiratory Hospital; PIH Health Good Samaritan Hospital; Providence Holy Cross Medical Center; Hospital Association of Southern California

LOS ANGELES CITY ATTORNEY'S OFFICE

By: */s/ Joseph S. Persoff*
Joseph S. Persoff

Attorneys for Defendants City of Los Angeles, also erroneously sued as the Office of Wage Standards for the City of Los Angeles, and Eric Garcetti.

## **ECF ATTESTATION**

I, Maurice Suh, hereby attest pursuant to Local Rule 5-4.3.4(a)(2) that the concurrence in the filing of this document has been obtained by the above signatories.

Dated: August 2, 2022

                    */s/ Maurice Suh*
                    Maurice Suh

105645813.4